IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRISTOPHER BEUTTEL, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | **With Jury Demand Endorsed Hereon** |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Christopher Beuttel, by and through undersigned counsel, and for his Complaint against the Defendant, Experian Information Solutions, Inc., he states and avers as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendants for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## PARTIES

2. Christopher Beuttel ("Plaintiff") is a natural person that resides in the State of Kansas.

3. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Experian Information Solutions, Inc. ("Experian") is a national consumer reporting agency ("CRA") as defined by the FCRA, 15 U.S.C. § 1681a(f).

5. Experian regularly transacts business in the state of Kansas through its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681*p*.

7.  Venue in this District is proper because Defendant transacts business in this District, Plaintiff is a resident of this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

10.  On or around October 25, 2015, Plaintiff began speaking with mortgage lenders about attempting to purchase a new home.

11.  Plaintiff obtained a copy of his credit report from the three major CRAs, Equifax Information Services, LLC, ("Equifax"), Experian Information Solutions, Inc., and Trans Union, LLC ("Trans Union").

12.  Plaintiff noticed several accounts that did not appear to be reporting accurately, including an account with Ocwen Loan Servicing, LLC ("the Ocwen account").

13.  Plaintiff paid off the Ocwen account in approximately May 2014, however, the account was reporting as open with an approximate balance of $164,000.00 balance. Furthermore, the Ocwen account contained notes that a foreclosure was pending.

14.  On or about October 30, 2015, in an effort to minimize any damage from what he believed must be a simple mistake, Plaintiff contacted the CRAs in writing to dispute the inaccurate information reporting on the Ocwen account.

15.  Pursuant to 15 U.S.C. 1681i(a)(2) of the FCRA, the CRAs were required not only to reasonably investigate Plaintiff's dispute, but also to forward it on to the furnisher of such information, Ocwen, who is also required to independently investigate the problem.

16. Equifax and Trans Union both responded by updating Plaintiff's report to reflect the Ocwen account as closed, with no balance owed.

17. Experian responded by removing the foreclosure information, but the Ocwen account continued to reflect an open status with an active balance owed.

18. As a result of the active balance still being reported by Experian, Plaintiff was informed by various lenders that he would not be eligible for financing on a home purchase.

19. In an effort to correct the inaccurate Ocwen account and move forward with his plans for a home purchase, Plaintiff send another letter to Experian on or about June 23, 2016, again requesting the Ocwen account be investigated for accuracy.

20. By letter dated July 7, 2016, Experian responded to Plaintiff's dispute letter, stating it previously investigated the Ocwen account and would not investigate the account again because no new information was provided.

21. By letter date November 1, 2016, Plaintiff contacted Experian *again* insisting that the Ocwen account be updated to remove the balance information.  He included a copy of his credit report with Equifax and Trans Union showing that they had corrected the inaccurate information.

24. In its letter in response, Experian once again stated that it had previously verified the accuracy of the account and would not investigate the account again.

25. By failing to reasonably investigate Plaintiff's disputes, Experian violated the FCRA, entitling Plaintiff to statutory, actual and punitive damages, as well as his attorney's fees and costs.

26. Plaintiff justifiably fears and believes that Experian will continue to report the damaging Ocwen account.  He also justifiably fears and believes that this false information will continue to negatively impact his credit rating absent litigation.

## **FIRST CLAIM FOR RELIEF**

**(Negligent and Willful Violations of 15 US.C. § 1681*e*(b) by Experian)**

27. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

28. A "consumer reporting agency" is defined in 15 U.S.C. § 1681*a*(f) as follows:

"[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

29. Experian is a consumer reporting agency as defined by Section 1681*a*(f) of the FCRA.

30. Section 1681*n* of the FCRA imposes civil liability on any CRA "who willfully fails to comply with any requirement" of the Act.  *See* 15 U.S.C. § 1681*n*(a).

31. Section 1681*o* of the FCRA provides for civil liability against any CRA that is negligent in failing to comply with any requirement imposed under the Act.

### Experian's Failure To Follow Reasonable Procedures

32. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681*e*(b).

33. On more than one occasion in the two (2) years prior to the commencement of this lawsuit, Experian has prepared a consumer report concerning Plaintiff, and disseminated such report to one or more third party(s), that failed to assure "maximum possible accuracy" of information pertaining to Plaintiff.

34. The consumer report(s) prepared by Experian concerning Plaintiff contained inaccurate information in violation of 15 U.S.C. § 1681*c*(a)(3).

35. Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published concerning Plaintiff in violation of 15 U.S.C. § 1681*e*(b).

36. As a direct and proximate result of Experian's willful and/or negligent refusal to follow reasonable procedures as mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation, and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorney's fees, together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

37. Experian's continued refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorney's fees and costs pursuant 15 U.S.C. § 1681*n*.

**WHEREFORE** Plaintiff prays for judgment on this *First Claim for Relief* in his favor and against Experian, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorney's fees and costs; and

(e) Any further relief as deemed appropriate and just by this Honorable Court.

**SECOND CLAIM FOR RELIEF**

**(Negligent and Willful Violations of 15 US.C. § 1681*i* by Experian)**

38.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

39.     The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1). The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

40.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681*i*(a)(5)(A).

41.     If information is deleted from a consumer's file following a dispute, "the information may not be reinserted in the file" unless the CRA certifies that the information is complete and accurate and, even then, the CRA "shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion[.]" *See* 15 U.S.C. § 1681*i*(a)(5)(B).

### **Experian's Reasonable Reinvestigation Violations**

42.     By letter dated October 30, 2015, Plaintiff disputed the Ocwen account appearing on his credit report.

43.     Experian conducted such a shoddy investigation of this dispute that, while "updating" some information, Experian allowed the balance information to remain on Plaintiff's credit report and appear to be currently due and owing.

44.     By failing to conduct a reasonable investigation into Plaintiff's dispute in this regard, Experian willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

45.     On June 23, 2016, Plaintiff again disputed the Ocwen account appearing on his credit report.

46. Experian failed to conduct any investigation of this dispute in violation of the FCRA.

47. By failing to conduct a reasonable investigation into Plaintiff's dispute, Experian willfully and/or negligently violated 15 U.S.C. § 1681$i$(a)(1).

48. On November 1, 2017, Plaintiff again disputed the Ocwen account appearing on his credit report, this time including supporting documentation that Experian was reporting inaccurate information.

49. Again, Experian failed to conduct any investigation of this dispute in violation of the FCRA.

50. By failing to conduct a reasonable investigation into Plaintiff's dispute, Experian willfully and/or negligently violated 15 U.S.C. § 1681$i$(a)(1).

51. As a direct and proximate result of Experian's disregard for Plaintiff's disputes and its obligations under the FCRA as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer such as himself.

52. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation and embarrassment, entitling them to an award of actual damages in amounts to be proved at trial, plus attorney's fees, together with the costs of this action pursuant to 15 U.S.C. § 1681$o$.

53. Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorney's fees and costs pursuant 15 U.S.C. § 1681$n$.

**WHEREFORE** Plaintiff prays for judgment on this ***Second Claim for Relief*** in his favor and against Experian, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorney's fees and costs; and

(e)     Any further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

54.     Plaintiff respectfully demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

55.     Plaintiff requests that a trial be held in this matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

Respectfully submitted,

**CREDIT LAW CENTER**

**By: s/ Andrew M. Esselman**
Andrew M. Esselman #26113
255 NW Blue Parkway, Suite 200A
Lee's Summit, MO 64063
T: (816) 246-7800
F: (855) 523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**